1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TIMOTHY MICHAEL TORRES, SR.,
     et al.,

11                                              No. CIV S-07-1969 LEW DAD PS
                    Plaintiffs,

12
            v.

13
     COUNTY OF SACRAMENTO, et al.,        ORDER

14
                    Defendants.

15   _____/

16          Plaintiffs have filed a request for more time to obtain an attorney.  Plaintiffs are

17   informed that they do not need the court's permission to seek counsel, and no deadline has been

18   set in that regard.

19          There is, however, a deadline for serving process on defendants.  "If a defendant

20   is not served within 120 days after the complaint is filed, the court . . . must dismiss the action

21   without prejudice against that defendant or order that service be made within a specified time."

22   Fed. R. Civ. P. 4(m).  Plaintiffs were advised of the 120-day deadline in an order filed by the

23   undersigned on September 24, 2007, just four days after plaintiffs filed their complaint.  At the

24   status (pretrial scheduling) conference held on January 18, 2008, the 120th day after September

25   20, 2007, the court learned that plaintiffs had not been effected service of process on any

26   defendant.  The court found good cause to extend the pro se plaintiffs' time for service of process

1

to March 18, 2008.  Now that date has passed, and plaintiffs have not filed evidence of service of process.  In the interests of justice, the court will construe plaintiffs' filing as a request for more time to serve defendants due to their efforts to obtain counsel.  Plaintiffs will be granted a final extension of time to April 17, 2008, to serve process on defendants.  If plaintiffs do not file evidence of service of process on or before April 17, 2008, the undersigned will recommend that this action be dismissed without prejudice pursuant to Rule 4(m).

It is evident that this case will not be ready for pretrial scheduling on April 18, 2008.  Accordingly, the status (pretrial scheduling) conference set for that date will be vacated. If plaintiffs file evidence of service of process on or before April 17, 2008, the court will set a new status (pretrial scheduling) conference.

IT IS HEREBY ORDERED that:

1.  Plaintiffs' request for extension of time received in chambers on March 18, 2008 and docketed on March 19, 2008 (docket #15) is construed as a request to extend time to effect service of process on defendants and, so construed, is granted.

2.  Plaintiffs are granted a final extension of time to April 17, 2008, to effect service of process on defendants and to file proof of such service.

3.  Plaintiffs shall serve a copy of this order on each defendant together with a summons and a copy of the complaint.

4.  The status (pretrial scheduling) conference set for April 18, 2008, at 11:00 a.m. before the undersigned is vacated.

DATED: March 24, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
DDad1/orders.prose/torres1969.req.eot